# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIALI T.; and FACUNDO J.A., <br><br> Plaintiffs, <br><br> v. <br><br> ALEJANDRO MAYORKAS; MERRICK GARLAND; and LOREN MILLER, <br><br> Defendants. | Case No.: 23-CV-677 JLS (DDL) <br><br> **ORDER GRANTING MOTION TO DISMISS** <br><br> (ECF No. 3) |

Presently before the Court is the Motion to Dismiss ("Mot.," ECF No. 3) filed by Defendants Alejandro Mayorkas, Merrick Garland, and Loren Miller (collectively, "Defendants"). No opposition to the Motion has been filed. For the reasons that follow, the Court **GRANTS** Defendants' Motion both pursuant to Civil Local Rule 7.1(f)(3)(c) and for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiffs Jiali T. and Facundo J.A. bring this action to compel U.S. Citizenship and Immigration Services ("USCIS") to process Plaintiffs' "Applications to Register Permanent Residence or Adjust Status" ("I-485 Petitions"). *See* ECF No. 1 at 2 ("Compl."). USCIS received Plaintiffs' I-485 Petitions on October 29, 2021. As of April

13, 2023, when Plaintiffs filed the Complaint, USCIS had yet adjudicate the Petitions. *See id.* Per Defendants, however, USCIS processed and approved Plaintiffs' I-485 Petitions on June 14, 2023. ECF No. 3-1 at 2. The instant Motion followed.

## DISMISSAL PURSUANT TO CIVIL LOCAL RULE 7.1(f)(3)(c)

The Ninth Circuit has held that, pursuant to a local rule, a district court may properly grant a motion to dismiss for failure to respond to a motion. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond). Here, a local rule allows the Court to grant the Motion. Civil Local Rule 7.1(f)(3)(c) provides: "If an opposing party fails to file [an opposition] in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the Court." Unless the Court orders otherwise, pursuant to Civil Local Rule 7.1(e)(2), an opposition must be filed 14 days prior to the noticed hearing. The hearing for the present Motion was originally set for August 31, 2023, at 1:30 p.m.; thus, any opposition was due on August 17, 2023. *See* Docket. The Court later vacated the hearing and delayed Plaintiffs' deadline until August 24, 2023. *See* ECF No. 4.

In determining whether to dismiss an action, the Court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (noting that the first factor always weighs in favor of dismissal); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (explaining that the fourth factor always weighs against dismissal). Therefore, the Court considers the substance of factors two, three, and five.

///

Here, the second and third factors weigh in favor of dismissal. The Court must manage its docket to ensure the efficient provision of justice. Plaintiffs had notice of the Motion yet failed to file a timely opposition. Plaintiffs have not provided any excuse for their failure to timely file an opposition to the present Motion. The Court cannot continue waiting for Plaintiffs to take action, and a case cannot move forward when the plaintiffs fail to defend their case. As to the third factor, the Court finds no risk of prejudice to Defendants if it dismisses this action. In fact, Defendants have requested the dismissal. Thus, this factor also weighs in favor of dismissal.

As to the fifth factor, where the plaintiff does not oppose dismissal, it is "unnecessary for the Court to consider less drastic alternatives." *Rodriguez v. Nationstar Mortg. LLC*, No. 2:16–CV–5962–ODW(SK), 2016 WL 4581402, at *1 (C.D. Cal. Sept. 1, 2016). Still, the Court did employ the less drastic alternative by informing Plaintiffs that they were required to file a response to the Motion. *See* ECF No. 4 ("[Plaintiffs] shall file their opposition or non-opposition to the Motion on or before August 24, 2023." (emphasis omitted)). Still, Plaintiffs filed no opposition. This factor therefore weighs in favor of dismissal as well.

Finding that the *Ghazali* factors weigh in favor of granting the unopposed Motion, the Court **GRANTS** Defendants' Motion pursuant to Civil Local Rule 7.1(f)(3)(c).

## DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

Defendants also move to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Specifically, Defendants argue that this Court lacks jurisdiction because the case is moot and no longer presents a justiciable case or controversy. *See generally* Mot.

Federal district courts are courts of limited jurisdiction that "may not grant relief absent a constitutional or valid statutory grant of jurisdiction" and are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *A–Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) (internal quotations omitted). One constitutional prerequisite to subject matter jurisdiction is the existence of "actual cases or

controversies." *San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, 65 F.4th 1012, 1022 (9th Cir. 2023).  Courts thus lack jurisdiction when the issues presented by a case "are no longer 'live' or the parties lack a legally cognizable interest in the outcome, or, in other words, when a case is "moot." *McBride Cotton & Cattle Corp. v. Veneman*, 290 F.3d 973, 982 (9th Cir. 2002) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)).

Key to the mootness inquiry is "whether the court is 'able to grant effective relief.'" *Id.* (quoting *Murphy*, 455 U.S. at 481).  "A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries." *United States v. Alder Creek Water Co.*, 823 F.2d 343, 345 (9th Cir. 1987) (citations omitted).  So, a case is moot "when a plaintiff has received all of the relief he requested in his complaint." *Von Staich v. Hamlet*, No. 04-16011, 2007 WL 3001726, at *2 (9th Cir. Oct. 16, 2007).  As Defendants are asserting mootness, they "bear[] a 'heavy burden of establishing that there is no effective relief remaining for the court to provide." *United States v. Strong*, 489 F.3d 1055, 1059 (9th Cir. 2007).

The Court agrees with Defendants that this case is moot.  In their Complaint, Plaintiffs ask the Court to compel USCIS to adjudicate Plaintiffs' I-485 Petitions. *See* Compl. at 2.  Plaintiffs did not request any further relief. *See generally* Compl.  And on June 14, 2023, USCIS *did* adjudicate—and grant—Plaintiffs' Petitions. *See id.* at 2; *see also* ECF No. 3-1 at 2.  Plaintiffs have thus received "all of the relief" they sought, depriving this Court of the ability to redress any asserted injury.  Because no live case or controversy remains, the Court **GRANTS** Defendants' Motion and dismisses this action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *See, e.g., Powell v. McCormack*, 395 U.S. 486, 496 (1969); *NASD Disp. Resol., Inc. v. Jud. Council of State of Cal.*, 488 F.3d 1065, 1068 (9th Cir. 2007).

/ / /

/ / /

/ / /

**CONCLUSION**

In light of the foregoing, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 3) and **DISMISSES WITHOUT PREJUDICE** this action. As this concludes the litigation in this matter, the Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: September 13, 2023

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge